CFC

# United States Court of Appeals for the Federal Circuit

FILED
SEP 2 2008
U.S. COURT OF FEDERAL CLAIMS

2008-5030

SAM L. CLEMMONS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

## Judgment

ON APPEAL from the United States Court of Federal Claims

in CASE NO(S) 07-CV-555.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**AFFIRMED.**

ENTERED BY ORDER OF THE COURT

DATED JUL 0 9 2008

Jan Horbaly
Jan Horbaly, Clerk

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: [signature] Date: SEP 2, 2008

**ISSUED AS A MANDATE:** SEP 0 2 2008

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5030

SAM L. CLEMMONS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Sam L. Clemmons, of Brookhaven, Mississippi, pro se.

Lauren S. Moore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Thomas C. Wheeler

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5030

SAM L. CLEMMONS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims
in 07-CV-555, Judge Thomas C. Wheeler.

---

DECIDED: July 9, 2008

---

Before RADER, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

DECISION

Sam L. Clemmons filed a complaint in the Court of Federal Claims seeking damages of $182,050,000 against 10 federal agencies, the United States District Court for the District of Columbia, and the American Postal Workers Union. The court dismissed all of the claims for lack of jurisdiction. Mr. Clemmons appeals, and we affirm.

BACKGROUND

Mr. Clemmons filed a complaint in the Court of Federal Claims seeking "federal tort damages" against the United States Army, the Army Crime Record Center, the Defense Security Service Administration, the Department of Justice, the Office of Personnel Management, the United States Postal Service, the American Postal Workers Union, the Merit Systems Protection Board, and the Department of Homeland Security. Against those agencies, Mr. Clemmons sought damages for identity theft, identity fraud, fraud and theft by deception, and violations of his privacy rights. Mr. Clemmons also included claims against the United States District Court for the District of Columbia for violations of his rights under the Fourth, Seventh, and Fourteenth Amendments to the Constitution. He additionally sought damages against the Customs and Border Protection agency for violations of the Freedom of Information Act ("FOIA") and relief against the Department of Veterans Affairs for denying his "full rights to entitlement of his vocational rehabilitation benefit" and for denying his "request for an increase in compensation due to permanent and intentional tort injuries" caused by the agencies listed above.

The Court of Federal Claims dismissed Mr. Clemmons's claims for lack of jurisdiction because Mr. Clemmons did not identify any money-mandating statute or regulation that would provide the court with jurisdiction under the Tucker Act. The court also noted that Mr. Clemmons's tort claims had already been heard by the District Court for the District of Columbia and were therefore barred by res judicata.

DISCUSSION

The Tucker Act provides the Court of Federal Claims with jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Mr. Clemmons's various tort claims against federal agencies and the American Postal Workers Union are not within the jurisdiction of the Court of Federal Claims for two reasons. First, the Tucker Act's waiver of sovereign immunity explicitly excludes claims "sounding in tort." Second, even if the Tucker Act provided jurisdiction over those claims in the Court of Federal Claims, Mr. Clemmons did not identify a money-mandating statute or regulation that would entitle him to relief if he were able to prove the facts underlying his claims. On appeal, Mr. Clemmons cites five statutory provisions that he asserts are money-mandating: 42 U.S.C. § 1983, 28 U.S.C. § 2675, 28 U.S.C. § 2517, 5 U.S.C. § 5596(b)(2), and 44 U.S.C. § 3518(c)(1). The first two statutes do not provide a jurisdictional basis in the Court of Federal Claims for Mr. Clemmons's claims. Jurisdiction over section 1983 claims lies exclusively in the district courts. See 28 U.S.C. § 1343. Likewise, the district courts have exclusive jurisdiction over claims brought under the Federal Tort Claims Act, of which 28 U.S.C. § 2675 is a

part. See 28 U.S.C. § 1346(b)(1). Mr. Clemmons did not present the remaining three provisions to the trial court and therefore cannot rely on them on appeal.[1]

With respect to Mr. Clemmons's claims that do not sound in tort, we find no error in the trial court's decision. Mr. Clemmons's claim for damages against Customs and Border Protection relies on FOIA, which does not create a cause of action for damages in the Court of Federal Claims; rather, it provides for injunctive relief from a district court. 5 U.S.C. § 552(a)(4)(B). The trial court also correctly held that the constitutional provisions cited by Mr. Clemmons do not provide for damages in the Court of Federal Claims against a district court that has allegedly violated those provisions. Review of district court decisions lies with the regional circuit courts, 28 U.S.C. § 1294(1), and the remedy for a district court's legal error is reversal of the district court's decision, not a judgment for damages against the court. As for Mr. Clemmons's claim that the Department of Veterans Affairs erred in denying his requests for benefits, the Court of Appeals for Veterans Claims is the appropriate forum for such claims, not the Court of Federal Claims. Moreover, such benefits claims can be pursued in that court only after the claimant has exhausted his administrative remedies before the Department of Veterans Affairs. See 38 U.S.C. § 7252.

---

[1] Even if Mr. Clemmons had relied on those provisions before the trial court, the only provision among those three that is money-mandating is 5 U.S.C. § 5596(b)(2), which provides for the payment of back pay after an unjustified personnel action. Mr. Clemmons, however, reached a settlement with the United States Postal Service with respect to his removal in 1998. This court therefore affirmed the order of the Merit Systems Protection Board dismissing his challenge to his removal. See Clemmons v. U.S. Postal Service, 232 F.3d 911 (Table). Thus, even if the trial court had jurisdiction over his Back Pay Act claim, the claim would be barred by principles of res judicata.

Finally, Mr. Clemmons argues that the trial court should have transferred his case to another federal court under 28 U.S.C. § 1631. Transfer would not have been in the interests of justice, however. Each of Mr. Clemmons's tort claims has already been heard by the District Court for the District of Columba. For the remaining claims, there is no court that would be able to provide Mr. Clemmons with the monetary relief he seeks. The judgment of the trial court is therefore affirmed.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: [signature] Date: SEP 2, 2008